WILLIAM B. HILL, Respondent, *v.* GREELEY SQUARE HOTEL COMPANY and AUSTIN G. DENNISTON, Appellants.

First Department, December 8, 1916.

Assault and battery — ejection of plaintiff from hotel — duty to leave premises when requested — right of hotel employee to eject person not guest — amendment at trial to show which employee committed assault — amendment not introducing new cause of action — when punitive damages cannot be recovered — excessive damage.

A person who enters a hotel, not being a guest or patron thereof, is under the duty to leave the premises when ordered to do so by the chief house officer and, if he refuses, the officer may use so much force as is necessary to eject him and is not personally liable in damages for assault if he uses no excessive force.

Although in an action brought against an incorporated hotel company and the house officer thereof as codefendants by a person who was ejected from the premises with an alleged assault, the plaintiff has alleged that the assault was committed by the house officer, named defendant, instead of by another employee who was assisting him, he may be allowed to amend his complaint at trial in this respect as against the hotel company, which could not be surprised by the amendment. Moreover, such amendment does not introduce a new cause of action as against the hotel company.

As the plaintiff, by refusing to leave the premises when ordered to do so, himself provoked his forcible ejection, he cannot recover for the mortification and indignity placed upon him or for injuries to his reputation, for they resulted from his own wrongful resistance. He cannot recover punitive damages, but merely for the actual physical injury suffered by the assault.

Evidence examined, and *held*, that a verdict of $1,000 was excessive and that a new trial will be granted, unless the plaintiff stipulates to reduce the recovery to $250.

SEPARATE APPEALS by the defendants, Greeley Square Hotel Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of March, 1916, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 15th day of March, 1916, denying defendants' motion for a new trial made upon the minutes.

*Kenneth C. Kirtland,* for the appellants.

*Arthur K. Wing,* for the respondent.

SMITH, J.:

The complaint alleges that one Denniston, who was the chief house officer of the defendant, the Greeley Square Hotel Company, which was running the McAlpin Hotel, on the 27th day of December, 1913, "violently assaulted this plaintiff and struck him in the face and breast and kicked him in the back several violent blows, and applied vile and opprobrious names and epithets to him and ejected the plaintiff from the said Hotel McAlpin, causing him great pain and mortification, and subjected him to indignity and distress to his damage in the sum of Twenty thousand Dollars." The proof shows that the plaintiff had formerly been under Denniston in the McAlpin Hotel, and had been discharged. Upon the day in question, about two o'clock in the afternoon, he came to the hotel and inquired for and received a letter that had been addressed to him there. Thereafter he was ordered by Denniston to leave the hotel and refused. He was thereupon ejected from the hotel by Denniston and one Earley, his assistant. Up to this point there is no controversy. The proof shows that in ejecting the plaintiff from the hotel Earley struck and kicked the plaintiff several times. Objection was made to this evidence as not pleaded, whereupon the court allowed the plaintiff to amend his complaint by alleging that Denniston with the assistance of Earley assaulted and ejected the plaintiff. There is some dispute in the evidence as to what occurred leading up to the ejectment of the plaintiff and as to what occurred while the plaintiff was being ejected. There is no evidence, however, upon which it can be held that Denniston himself used any more force than

was necessary to eject the plaintiff from the hotel. As chief house officer it was his duty in charge of the premises to require all persons whom he deemed undesirable to leave the hotel. The plaintiff was not a guest or patron of the hotel, and it was the plaintiff's duty to leave the hotel when he was ordered to do so by Denniston. Upon his failure to leave Denniston had the right to use so much force as was necessary to eject him from the hotel. Having used no more force than was necessary, he violated no duty to the plaintiff, and the judgment against him cannot stand. Upon his appeal, therefore, the judgment as to him must be reversed and the complaint dismissed, with costs.

As to the hotel company other questions are presented. It is first claimed that the court at the trial had no right to amend the complaint by alleging any assault by Earley in connection with the assault by Denniston. But the cause of action was for the ejectment and the assault connected therewith. If the plaintiff made a mistake in the pleading and alleged that that assault was by Denniston instead of by Earley, the court clearly had the right to allow him to amend inasmuch as it was impossible that the defendant, the hotel company, could be surprised thereby. It is possible that Denniston would have the right to object, but as the judgment is reversed as to Denniston, the only question remains as to whether any injury has been done to the hotel company, and I can find none. It is claimed that the amendment introduces a new cause of action, but the cause of action against the hotel company was for the ejectment and wrongful assault connected therewith. Whether the wrongful assault was committed by Denniston or Earley the cause of action is the same. Assuming, then, for the argument, that the amendment was properly allowed as to the hotel company, the question arises as to the defendant's claim that the damages are excessive. The damages alleged are that the acts of Denniston and Earley caused the plaintiff " great pain and mortification, and subjected him to indignity and distress to his damage in the sum of Twenty thousand Dollars." The only damages which the court allowed the jury to award were " such a sum as may be proper to compensate him for such injuries to his feelings, to his person and such personal

humiliation as he may have suffered, if any." There seems to have been no exception taken to this rule of damage. If, as seems to be the fact, the defendant had the right to eject the plaintiff after his refusal to leave the hotel, the humiliation and injury to his reputation would mostly result from the exercise of the defendant's lawful right and plaintiff's wrongful resistance. No smart money was allowed to be recovered, and the actual injury to the man by the blows wrongfully given by assault are insignificant.

As to the hotel company the judgment should be reversed and a new trial granted, unless plaintiff stipulate that the verdict be reduced to the sum of $250, and if the plaintiff so stipulate, the judgment is amended accordingly, and, as amended, affirmed.

Clarke, P. J., Laughlin, Dowling and Davis, JJ., concurred.

As to hotel company, judgment reversed, new trial ordered, costs to appellants to abide event, unless plaintiff stipulates to reduce verdict to $250, in which event judgment as so modified and order affirmed, without costs. Order to be settled on notice.